CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SAMUEL CROSS (Bar No. 304718)
(E-Mail: sam_cross@fd.org)
IBOH UMODU (Bar No. 367345)
(E-Mail: Iboh_Umodu@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ERIN PETRA ESCOBAR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIN PETRA ESCOBAR and NICK ELIAS GUTIERREZ,

Defendants.

Case No. 2:25-cr-00656-AB

**DEFENDANT ESCOBAR'S FIRST MOTION IN LIMINE; DECLARATION OF COUNSEL; EXHIBITS A–D**

Defendant Erin Petra Escobar, by and through her undersigned counsel, hereby files her first (and only) Motion in Limine as to the trial set in this matter for March 30, 2026. For the reasons stated herein, the Court should enter a pretrial ruling prohibiting the government from introducing evidence tending to show or suggest in any way that Ms. Escobar had been seen defacing government property in any way prior to July 17, 2025.

Counsel for defendant Gutierrez indicates Mr. Gutierrez takes no position on this Motion. Counsel for the government indicates the government has no plans at present to introduce such evidence, but may eventually want do so based on things that may

happen between now and trial.

Ms. Escobar's position, explained herein, is that, as the government has given no notice of its intention to introduce evidence of other acts, as trial is less than three weeks away, and as the government has not articulated even a notional path to admissibility for such evidence or specifically delineated it as required by Rule 404(b), the Court should exclude any such evidence or argument now, to streamline the presentation of evidence and preserve Ms. Escobar's rights. See Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."); Fed. R. Evid. 404(b)(3) (prosecutor must provide reasonable written notice before trial of intent to offer any other-act evidence at any phase of trial).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 11, 2026

By */s/ Samuel Cross*
SAMUEL CROSS
IBOH IMODU
Deputy Federal Public Defenders
Attorneys for ERIN PETRA ESCOBAR

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..... 2

III. ARGUMENT ..... 3

A. Legal Standard ..... 3

B. Because the government has provided no Rule 404(b) notice since the case was charged in July 2025, the Court should now exclude in limine all evidence relating to other acts of tagging or vandalism. ..... 4

1. Any notice offered now or between now and trial would be dramatically untimely. ..... 4

2. Courts uniformly expect 404(b) notice weeks or months before trial when the evidence is known to the government. ..... 6

3. The purpose of Rule 404(b)(3) is precisely to discourage a wait-and-see approach like the one the government appears to espouse here. ..... 8

IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Michelson v. United States,
335 U.S. 469 (1948) .......... 3

Ohler v. United States,
529 U.S. 753 (2000) .......... 8

Old Chief v. United States,
519 U.S. 172 (1997) .......... 3

United States v. Ashleigh Brown,
2:25-cr-701-FMO (C.D. Cal. Oct. 27, 2025) .......... 7

United States v. Giacomini,
No. 20-CR-00134-BLF-1, 2022 WL 393194 (N.D. Cal. Feb. 9, 2022) .......... 7

United States v. Green,
275 F.3d 694 (8th Cir 2001) .......... 5

United States v. Lindsey,
702 F.3d 1092 (8th Cir. 2013) .......... 5, 6

United States v. Olsen,
8:17-cr-00076-JWH (C.D. Cal. Feb. 24, 2025) .......... 7

United States v. Perez-Tosta,
36 F.3d 1552 (11th Cir. 1994) .......... 6, 7

United States v. Quintero,
2:19-cr-00766-CAS (C.D. Cal. Aug 8, 2022) .......... 7

United States v. Samuel Brown III,
8:21-cr-215-JLS (C.D. Cal. Aug. 18, 2023) .......... 7

**Statutes**

18 U.S.C. § 111 .......... 1, 2

18 U.S.C. § 1361 .......... 1

**Rules**

Fed. R. Evid. 104 .......... 3

Fed. R. Evid. 403 .......... 7

Fed. R. Evid. 404 .......... 4, 5, 6, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government has charged Erin Escobar with depredation of government property, in violation of 18 U.S.C. § 1361, and assault, in violation of 18 U.S.C. § 111. The depredation charge is based on alleged tagging. Videos and witness statements suggest a person the government identifies as Ms. Escobar was seen writing on a metal mechanical box and raisable metal gate outside the Edward R. Roybal Federal Building and United States Courthouse (Roybal) on July 17, 2025. Video Still, Ex. B. A report authored by Federal Protective Service (FPS) Officer Benjamin Mutuc and provided to defense counsel in discovery states that Ms. Escobar "was observed damaging federal property by using what looked like a black sharpie marker writing tool and writing on the gate box located on the driveway adjacent to Alameda Street. [She] had been seen by FPS Officers numerous times tagging the control boxes and the sidewalk Infront [sic] of the Roybal Courthouse and Federal Building." Mutuc Report 3–4, Ex. A.

The government has stated it doesn't presently intend to introduce evidence that Ms. Escobar "had been seen by FPS Officers numerous times tagging the control boxes and the sidewalk" in front of the Roybal Courthouse. Id. However, the government, in a meet-and-confer, indicated it might change its mind later, and refused to agree not to introduce such evidence. Cross Decl. ¶¶ 3–5. The government has not provided Ms. Escobar with any notice under Federal Rule of Evidence 404(b) regarding its intent to introduce such evidence. Id. ¶ 7. Late introduction of such evidence would amount to unfair delay by depriving Ms. Escobar of the opportunity to investigate and present a defense. Rule 404(b)'s notice requirements are not mere formalities, but exist for good and practical reasons that this Court should now enforce against the government, which has waited too long to notice such evidence.

//

//

//

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Ms. Escobar and her codefendant, Mr. Gutierrez, were charged by criminal complaint on July 18, 2025. Compl., ECF No. 1. Ms. Escobar was indicted on the above-described counts on August 8, 2025. Indictment, ECF No. 28.

On August 15, 2025, I sent an initial discovery request to the government, requesting, inter alia: the names and addresses of all witnesses the government intends to call at trial, and all the witnesses it doesn't;[1] impeachment information relating to witnesses; and "notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b) and 609." Disc. Ltr. 3, 4, Ex. C; see Cross Decl. ¶ 10. On August 27, 2025, I received the initial, and, to date, only discovery production from the government. Id. ¶ 8. The production included the report from Officer Mutuc stating that Ms. Escobar had "been seen by FPS Officers numerous times tagging the control boxes and the sidewalk" in front of Roybal. Mutuc Report 4; Cross Decl. ¶ 8. It did not contain any other statements from the "FPS Officers" Officer Mutuc mentioned, or indeed any other mention or description of prior tagging or vandalism conduct by Ms. Escobar. Id. ¶ 12.

On January 17, 2026, I sent a supplemental discovery request to the government. Suppl. Disc. Ltr., Ex. D; Cross Decl. ¶ 11. This request specifically sought "[a]ll photographs, video recordings, and other such records relating to Ms. Escobar's alleged vandalism on bollards, electrical boxes, parking barrier gates, etc." Suppl. Disc. Ltr. at 2. The government has, to date, not provided any further discovery responsive to any defense requests. Cross Decl. ¶ 8.

Government and all defense counsel met and conferred telephonically on March 6, 2026, regarding motions . Cross Decl. ¶ 3; see L. R. 7-3 (meet-and-confer requirement), L. Cr. R. 57-1 (incorporating Local Civil Rules where and as applicable).

---

[1] To date, the government has not identified witnesses it will call or not call, and despite multiple outstanding requests to do so, has not identified all potential witnesses by their full names. Cross Decl. ¶ 13. The government's discovery production was heavily redacted to conceal such information. Id.

I stated Ms. Escobar's position that, at this date, and in the absence of any notice by the government under Federal Rule of Evidence 404(b) or anything equivalent, evidence relating to prior instances of tagging as described by Officer Mutuc was inadmissible. Cross Decl. ¶ 4. The government disclaimed any present intent to introduce such evidence but also refused to agree not to, based on the possibility that it might want to in the future (as I understood the government's position), and we agreed I would file this Motion in Limine. Id. ¶ 5. I later confirmed by email with counsel for Mr. Gutierrez that Mr. Gutierrez takes no position on this Motion. Id. ¶ 6.

## III. ARGUMENT

### A. Legal Standard

"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a).

Only relevant evidence is admissible, i.e., only evidence tending to make a fact at issue more or less probable. Id. Rs. 402, 401. While evidence of a defendant's prior acts, although not directly related to charged conduct, may still be relevant, in the sense that such evidence may betray a character or predisposition to act a certain way, this kind of propensity evidence is flatly forbidden because of its inherent risk of prejudice. Id. R. 404(a); see Michelson v. United States, 335 U.S. 469, 475–76 (1948) ("The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."); Old Chief v. United States, 519 U.S. 172, 180 (1997) (describing the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged").

While Rule 404(b) provides a narrow gate through which evidence of prior acts may be introduced for another, non-propensity purpose—"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—the

Rule also imposes strict notice requirements on prosecutors seeking to use such evidence against criminal defendants. Fed. R. Evid. 404(b)(3).

> (3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Id.

The notice requirement was added in 1991 because "the overwhelming number of [404(b)] cases involve introduction of that evidence by the prosecution." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment. The prosecution is required to provide notice "regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Id. Courts are permitted to rule in limine on the admissibility of other-act evidence under 404(b). Id.

**B. Because the government has provided no Rule 404(b) notice since the case was charged in July 2025, the Court should now exclude in limine all evidence relating to other acts of tagging or vandalism.**

**1. Any notice offered now or between now and trial would be dramatically untimely.**

Officer Mutuc, a potential trial witness for the government, stated in a report written around the time of the charged offense that multiple other unnamed FPS officers had seen Ms. Escobar "numerous times tagging the control boxes and the sidewalk" in front of Roybal. Mutuc Report 4. Rather than responding to defense

requests for information in the months since July 2025, the government has done nothing, and now on the eve of trial, at the deadline for the filing of motions in limine, wishes to preserve the right to introduce other-act evidence it has not yet noticed in compliance with Rule 404(b)(3). The Court should exercise its broad discretion to determine pretrial evidentiary questions in limine and exclude all evidence of the Ms. Escobar's purported other acts of tagging from any part of this trial. See Fed. Rs. Evid. 104(a), 404(b)(3).

Rule 404(b)(3)'s purpose is fairness. The defense is entitled to reasonable written notice not just of specific evidence the government intends to use, but the particular theory of relevance and admissibility under Rules 401 and 404(b). Written notice gives the defense the opportunity to see clearly what the government intends to introduce and why, and, in the words of the Rule, provides a "fair opportunity to meet" that evidence, either with written counter-arguments regarding its admissibility, or with investigation and evidentiary preparation to counter the government's trial presentation. See id. Here, despite Ms. Escobar's repeated written requests for any information regarding the alleged other acts evidence, the government has simply not responded. Were the government to notice such evidence now, it would necessarily impinge on time that defense counsel must spend in various other trial preparation tasks, hindering Ms. Escobar's ability to prepare a defense.

Rule 404(b)(3) sets no specific timeframe, entrusting to the Court's sound discretion whether any notice has been adequate. See Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment. Although the Ninth Circuit has not articulated a framework for the exercise of a court's discretion regarding the sufficiency of notice, the Eighth Circuit has provided an instructive test: "Factors to consider for whether notice was reasonable include: (1) 'when the government could have learned . . . of the evidence through timely preparation for trial; (2) . . . prejudice to [the] defendant from lack of time to prepare; and (3) how significant the evidence is to the government's case.'" United States v. Lindsey, 702 F.3d 1092, 1097 (8th Cir. 2013) (quoting United

States v. Green, 275 F.3d 694, 701 (8th Cir.2001)) (brackets and ellipses in Lindsey); see also United States v. Perez-Tosta, 36 F.3d 1552, 1561 (11th Cir. 1994) (considering a similar list of factors).

Here, all the Lindsey factors conclusively favor Ms. Escobar and exclusion. FPS Officer Mutuc's report was authored on July 17, 2025, the same day as the events it describes. Mutuc Report 1. The government has had it at least since the date of its production to the defense on August 27, 2025. See Cross Decl. ¶ 8. The government has thus known of the evidence for 197 days. The first Lindsey prong clearly imagines a scenario where the government late-discovers evidence, and promptly produces it with 404(b) notice to the defense. The instant scenario, where the government has had the evidence for months, and neither investigated it in accordance with defense counsel's discovery requests nor noticed it under Rule 404(b), weighs flagrantly against admissibility. As explained above, the defense would be significantly prejudiced in its ability to prepare by late notice that the government will use the other-acts evidence. Prejudice would arise both from cutting into trial preparation time at this late hour, and in the defense's ability to investigate, respond to, and otherwise "fair[ly] . . . meet" the government's planned use of the tagging evidence, whatever exactly it might consist of. Fed. R. Evid. 404(b)(3)(A). And any such evidence would be very significant to the government's case: it would be recent prior evidence of allegedly exactly the same conduct Ms. Escobar is now charged with in Count I of the indictment, leading to the inevitable conclusion by the jury that she had acted, guiltily, in accordance with a propensity. See Fed. R. Evid. 404(a).

**2. Courts uniformly expect 404(b) notice weeks or months before trial when the evidence is known to the government.**

In Lindsey itself, the government provided the defendant with notice of a prior crime in the Indictment, and then noticed the same crime expressly under Rule 404(b) a month before trial, consistent with the district court's scheduling order. Lindsey, 702 F.3d at 1097–98. District court practice in and outside this District is in accord. See,

e.g., United States v. Ashleigh Brown, 2:25-cr-701-FMO, ECF No. 42-1 at 2 (C.D. Cal. Oct. 27, 2025) (disclosure made 40 days before trial); United States v. Olsen, 8:17-cr-00076-JWH, ECF No. 187 at 13 (C.D. Cal. Feb. 24, 2025) (disclosure made 40 days before trial); United States v. Samuel Brown III, 8:21-cr-215-JLS, ECF No. 58-1 at 51 (C.D. Cal. Aug. 18, 2023) (disclosure made 42 days before trial); ( United States v. Giacomini, No. 20-CR-00134-BLF-1, 2022 WL 393194, at *4 (N.D. Cal. Feb. 9, 2022) (disclosure made 53 days before trial); United States v. Quintero, 2:19-cr-00766-CAS, ECF No. 61 at 3 (C.D. Cal. Aug 8, 2022) (disclosure made at least 37 days before trial). In all the above-cited cases, because the government made written disclosure of its intent to use other-act evidence sufficiently in advance of trial, it was possible for the evidence to be litigated by written motions practice in limine pursuant to Rule 104(a).

Contrast that with the situation today. The government has noticed nothing, and nothing concrete is being litigated in limine. Rather, the government wishes to keep its options open, compelling the instant Motion and, presumably, governmental Opposition, as well as the Court's careful consideration of both.[2] Although the Court has discretion to permit late notice at or before trial, it would not be appropriate to do so under these circumstances, where any such notice would be inexcusable and well outside the established norms for notice, in federal court and this Judicial District in particular. See Fed. R. Evid. 403(b)(3). Courts typically allow notice less than two weeks before trial only in exceptional circumstances, where the government's offered basis for late notice is compelling. See, e.g., Perez-Tosta, 36 F.3d at 1562–63 (allowing disclosure right before voir dire only because prosecutors did not know of evidence, through no fault of their own, until the Friday before trial). No such circumstances exist here.

---

[2] Should the government decide, after all, that it wishes to notice specific evidence under 404(b) between now and the time of its Opposition, and support such a position in its Opposition, it would be particularly untimely. As the Court knows, the Court determined not to accept the filing of Replies as to the Motions in Limine in this matter. Any such request by the government would be untimely, and intentionally conducted after motions practice ought to have been complete.

**3. The purpose of Rule 404(b)(3) is precisely to discourage a wait-and-see approach like the one the government appears to espouse here.**

The government's most likely argument in opposition is that, although the government is not aware of any basis or need for other-acts evidence regarding tagging now, that may change as the government prepares for trial or depending on the kind of defense Ms. Escobar puts on. This is what I took their position to be during our meet-and-confer. Cross Decl. ¶ 5.

This position fundamentally misunderstands the operation of Rule 404(b)(3). There is no requirement that a prosecutor <u>intend</u> to use other-acts evidence for the notice requirement to apply to any such use. As the Advisory Committee noted, "the notice requirement serves as <u>condition precedent</u> to admissibility of 404(b) evidence." Fed. R. Evid. 404(b)(3) advisory committee's note to 1991 amendment (emphasis added). Notice is required whether the evidence at issue might be used in the government's case-in-chief, in rebuttal, or for impeachment, and thus, even if it might not be used at all. <u>Id.</u> That is, it does not matter that the government's need for the evidence might be contingent on something else, either within the government's own power (its pretrial preparation) or outside its power (the defendant's decision to testify or call certain witnesses). <u>Id.</u>

Finally, the fact the circumstances might change in an unforeseen way that would render the government's lateness excusable is not itself a basis not to issue a pretrial ruling excluding insufficiently noticed evidence. Rulings on motions <u>in limine</u> are always preliminary and "entirely within the discretion of the district court." They are "not binding on the trial judge [who] may always change his mind during the course of a trial." <u>Ohler v. United States</u>, 529 U.S. 753, 758 n.3 (2000). The Advisory Committee notes contemplate expressly that 404(b)(3) exclusion may be the subject of motions <u>in limine</u>, and the fact that the Court may revisit a ruling later is no reason not

to make one, particularly when doing so will help the parties streamline their evidentiary preparation.

Simply put, Rule 404(b)(3) exists precisely to prevent the government's wait-and-see approach and to provide the defendant with a fair opportunity to respond to a particularly damaging kind of evidence. The government has waited nearly a year to see, and, having provided neither notice nor the most basic response to repeated discovery inquiries, cannot continue to wait. It cannot now introduce evidence relating to Ms. Escobar's purported prior acts of tagging.

## IV. CONCLUSION

We stand 19 days from trial. Rather than agree that its failure to comply with Rule 404(b)(3) requires exclusion of other-acts evidence relating to tagging, the government prefers to litigate the issue in limine to keep its options open, consuming the time and resources of all parties. Because the government has provided no notice regarding such other acts, the Court should prohibit it from introducing evidence of any such acts in any phase of the case.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 11, 2026 By */s/ Samuel Cross*

SAMUEL CROSS
IBOH IMODU
Deputy Federal Public Defenders
Attorneys for ERIN PETRA ESCOBAR

**CERTIFICATE OF COMPLIANCE: LOCAL RULE 11-6.2**

The undersigned, counsel of record for Erin Escobar, certifies that this brief contains 2,954 words, excluding items exempted by Local Rule 11-6.1, and therefore complies with the word limit of Local Rule 11-6.1. I determined the word count for this document using the word count feature of Microsoft Word, Version 2512.

DATED: March 11, 2026

By *_/s/ Samuel Cross_*
SAMUEL CROSS