# DECLARATION OF SAMUEL CROSS

I, Samuel Cross, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. If called as a witness, I would testify under oath to the following, based upon personal knowledge unless otherwise indicated.

2. I have been appointed to represent Erin Escobar in United States v. Escobar et al., 2:25-cr-00656-AB (C.D. Cal.).

3. On March 6, 2026, I conducted a meet-and-confer by telephone with government counsel in this matter, Assistant United States Attorneys William Kanellis and Lloyd Masson. Also on the call were my cocounsel Iboh Imodu and counsel for codefendant Gutierrez, Carlos Iriarte. We discussed potential motions in limine.

4. I asked the government whether it would agree not to introduce evidence relating to Ms. Escobar's purported acts of tagging or vandalism prior to July 17, 2025. I stated that in my view this evidence was inadmissible under Federal Rule of Evidence 404(b).

5. Government counsel indicated they did not presently intend to introduce such evidence, but might change that position based on changing circumstances. I took this to mean that the government might later seek to introduce such evidence based on Ms. Escobar's decision to testify or call certain witnesses, or if the government discovered a need to do so later based on its trial preparation. On this basis, we agreed that I would file a Motion in Limine requesting a pretrial ruling excluding such evidence.

6. I confirmed with counsel for Mr. Gutierrez by email, after the meet-and-confer call, that Mr. Gutierrez would take no position on Ms. Escobar's motion.

7. The government has not provided me or my cocounsel with any notice of its intent to introduce other acts of Ms. Escobar pursuant to Federal Rule of Evidence 404(b).

8. On August 27, 2025, the government conveyed an initial discovery production to me. That has been the only discovery production to date. It contained a report authored by Federal Protective Service Officer Benjamin Mutuc. A true and correct copy of that report as it was conveyed by the government is attached hereto as Exhibit A.

9. This same discovery production included video recordings depicting some of the events of July 17, 2025, relating to this case. I captured a still image from one of these videos using Windows 11's screenshot function, embedded it in a .pdf file, and attached it hereto as Exhibit B.

10. On August 15, 2025, I propounded a series of initial discovery requests on the United States in letter form, as a .pdf email attachment. A true and correct copy of that letter, which was conveyed by email to then-counsel for the government Assistant United States Attorney Patrick Kibbe, is attached hereto as Exhibit C. It has since been reconveyed at least once by email to government counsel.

11. On January 17, 2026, I sent a supplemental discovery request to the government in letter form, as a .pdf email attachment. A true and correct copy of that letter, also conveyed by email to then-counsel for the government Assistant United States Attorney Patrick Kibbe, is attached hereto as Exhibit D. It has since been reconveyed at least once by email to government counsel.

12. To my review of the discovery produced to date, Officer Mutuc's statement that Ms. Escobar "had been seen by FPS Officers numerous times tagging the control boxes and the sidewalk Infront [sic] of the Roybal Courthouse and Federal Building" is the only such statement or piece of evidence conveyed to me in discovery to date, in that no other discovery materials mention prior instances of Ms. Escobar tagging or vandalizing.

13. The government's discovery production was heavily redacted in such a way as to conceal the true names of the federal officer witnesses involved. My staff and I were able to determine who some of these individuals were through inference and

errors in the government's redactions. We have repeatedly requested information from the government regarding the identity of the individuals we weren't able to identify. The government has provided information about some but not all of these individuals' true identities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2026, at Los Angeles, California.

*/s/ Samuel Cross* .
SAMUEL CROSS