# EXHIBIT C

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*
**C. PAMELA GÓMEZ**
*Capital Habeas Chief*
**LISA LABARRE**
*Los Angeles Trial Chief*

**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**ANGELA VIRAMONTES**
*Riverside Branch Chief*
**MARGARET A. FARRAND**
*Appeals Chief*
**JONATHAN C. AMINOFF**
*Non-Capital Habeas Chief*
**NEHA CHRISTERNA**
*Collaborative Courts Chief*

Direct Dial: (213) 894-[redacted]

August 15, 2025

Patrick Kibbe
Assistant United States Attorney
312 North Spring Street Ste. 1200
Los Angeles, CA 90012

Email: [redacted]

Re: United States v. Erin Petra Escobar, 2:25-cr-00656-AB

Dear AUSA Kibbe:

Please consider this letter to be a formal request for discovery pursuant to all court rules, codes, statutes, and case law, including Federal Rules of Criminal Procedure 12, 16, and 26, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 8 U.S.C. § 3500). In particular, I request all discoverable information within the possession, custody, or control, of the government, and which is known to the government or by the exercise of due diligence may become known to the government. I also request that you inquire of each government agent connected to the case for the requested materials. If you have doubts as to the propriety of disclosure, you can submit the materials to the Court for its review.

Please consider this request to be a continuing one. See Fed.R.Crim.P.16(C). Also, so that defense may have an adequate opportunity for investigation and preparation, I request that this discovery be provided at the earliest feasible opportunity.

As part of my obligation to confer with you per Rule 16.1 of the Federal Rules of Criminal Procedure, I request that any documentary discovery you submit to me is:

accompanied with a discovery letter describing what it is that you are disclosing; Bates stamped; OCR-ed; and the Bates series title is not my client's name.

If any discovery production is encrypted, please provide the encryption password within your discovery letter. Please cc my assistant, Victoria_Loza@fd.org, on all production correspondence, including any invitations to USAfx.

My specific requests are as follows:

I. Discovery Pertaining to Statements Made by Ms. Escobar (Fed.R.Crim.P.16(a)(1)(A) & (B)):

A. All oral, written, and recorded statements made by Ms. Escobar to government agents and/or confidential informants. This request includes any written waivers signed by Ms. Escobar of her Miranda rights and/or any responses to Miranda warnings that were given by the defendant. This request also includes, but is not limited to, (1) any testimony of the defendant before a grand jury; (2) all law enforcement agency reports; (3) all notes of law enforcement officers, whether or not used to prepare reports; and (4) the substance of any other relevant oral statement made by Ms. Escobar in response to interrogation by a person she knew to be a government agent if the government intends to use that statement at trial. With respect to the latter subcategory, I specifically request that you confirm with the author whether the report of the oral statement is complete and, if it is not complete, prepare a new report.

B. All statements made by Ms. Escobar to any other individual or in any other proceeding that is connected in any way to the present charges (i.e., depositions, interrogatories, requests for admissions, or other discovery).

II. Discovery Pertaining to the Criminal History of Ms. Escobar (Fed.R.Crim.P.16(a)(1)(D):

A. A complete copy of Ms. Escobar criminal history, including both state and federal "rap sheets" or arrest records.

III. Discovery Pertaining to Documents and Tangible Objects (Fed.R.Crim.P.16(1)(1)(E)):

A. All documents, paper, data computer records, photographs, video recordings, and audio tapes pertaining to any aspect of this case, including statements by Ms. Escobar. In particular, I request all such items that are material to preparing the defense and/or that the government intends to use at trial (even if such evidence will not be introduced into evidence).

B. All reports by state and federal officers regarding the case, including all notes relied on by such officers in the preparation of their reports, even if your office

does not intend to use such evidence at trial. United States v. Bailleaux, 685 F.2d 1105, 1113–14 (9th Cir. 1982).

C. All physical evidence pertaining to this case. I request an opportunity to inspect, copy, and/or test all tangible objects and buildings or places which the government intends to use in its case-in-chief at trial and/or which are material to preparation of Ms. Escobar's defense.

D. Any items seized from Ms. Escobar or from any of his residence(s) or office(s).

IV. Discovery Pertaining to Examinations and Tests (Fed.R.Crim.P.16(a)(1)(F)):

A. The results and the supporting records of all tests and examinations conducted upon the evidence, including but not limited to any DNA, toxicology, fingerprint, or other forensic tests or analyses.

VI. Discovery Pertaining to Trial and Non-Trial Witnesses:

These discovery requests pertain to witnesses connected with this case, whether or not they will be called at trial.

A. The names and addresses of all witnesses that the government intends to call at trial. United States v. Richter, 488 F.2d 170 (9th Cir. 1973). Separately, I request (1) the names and addresses of those witnesses the government does not intend to call at trial, United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); (2) the true names and addresses of any confidential informants and/or cooperating witnesses, United States v. Ordonez, 737 F.2d 793, 808–09 (9th Cir. 1984); and (3) the names and addresses of all witnesses making arguably favorable statements concerning the defendant, see, e.g., Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

B. To avoid recesses and continuances during trial, I request early disclosure of any Jenks material, including all statements of all witnesses the government intends to call in its case-in-chief, as well as all other materials discoverable under the Jencks Act for impeachment. Please include, *inter alia*, all notes, written and oral statements, and preliminary hearing and grand jury transcripts. 18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2; United States v. Ogbuehi, 18 F.3d 807, 810–11 (9th Cir. 1994); United States v. Boshell, 952 F.2d 1101, 1104 (9th Cir. 1991).

C. All information which can be used to impeach any witnesses, such as information that shows lack of truthfulness, bias, or motive to lie. This information includes prior arrests, convictions, criminal investigations, formal and informal complaints bearing on truthfulness, false statements to any authority, and inconsistent statements. This request also encompasses evidence, such as medical or

psychiatric reports or evidence of past alcohol or narcotic use, which may demonstrate impairment of a witness' ability to perceive, remember, communicate, or tell the truth. See, e.g., United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988).

D. Any express or implicit promise, understanding, agreement, benefit, offer of immunity, or compensation between a witness and the government. Giglio, 405 U.S. at 154–55.

E. Any discussion or advice concerning any contemplated prosecution of any prospective government witness, or any possible plea bargain, even if no bargain was actually made, or the advice not followed. See, e.g., Greene v. Wainwright, 634 F.2d 272, 276 (5th Cir. 1981).

F. Any exculpatory witness statement, including negative exculpatory statements, i.e., statements by informed witnesses that fail to mention the defendant.

G. Personnel files of all government agents and employees whom the government intends to rely on for testimony at a hearing or a trial. United States v. Henthorn, 931 F.2d 29, 30–31 (9th Cir. 1991); see also Fed. R. Evid. 608(b). This request specifically covers any Henthorn material in the agents or employees' prior employment, if any. Further, I request you personally review all personnel files for discoverable Brady materials. United States v. Cadet, 727 F.2d 1453, 1467–68 (9th Cir. 1984).

VII. Government's Notice of Intent to Introduce any Evidence Pursuant to Federal Rules of Evidence 404(b) and 609:

I am requesting notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b) and 609. "Reasonable notice" means no later than a time that would allow the defense to file motions in this case by the motion deadline. See Fed. R. Crim. P. 12(b)(4)(B); Local Rule 6-1 ("[t]he notice of motion shall be filed with the Clerk not later than twenty-eight days before the date set for hearing"). Thus, "reasonable notice" would necessarily be 28 days before the pretrial conference, or the date the Court has set for the hearing of motions, plus whatever period of time would be needed to draft the motion. Therefore, please specify the theory of introduction of such evidence so that the defense may evaluate the filing of a motion in limine. This includes notice of any evidence the government claims is "inextricably intertwined" that could be interpreted as Rule 404(b) evidence.

VIII. Government's Notice of Intention to Use Evidence (Fed.R.Crim.P.12(d)(2)):

A. In order to afford an opportunity to move to suppress evidence, the defense requests timely notice of the government's intention to use (in its evidence-in-

chief at trial) any evidence which the defendant may be entitled to discover under Rule 16.

IX. Request for Preservation of Evidence:

A. Ms. Escobar requests preservation of all relevant videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of possession, custody, or care of the government. Furthermore, if there are any handwritten notes by agents, I request that you inform the agents to preserve such notes until a judicial determination can be made regarding their discovery. United States v. Harris, 543 F.2d 1247 (9th Cir. 1976).

X. Defendant's Notice of Defenses:

Some government attorneys request notice of defenses beyond that required by the Federal Rules of Criminal Procedure. Please note that my ethical obligations to my client preclude me from providing notice of all defenses or trial tactics **beyond** those required by Rules 12.1, 12.2 and 12.3 of the Federal Rules of Criminal Procedure. If you make such a request, please do not assume by my silence that we are limiting our defenses.

XI. Discovery Mandated by California State Ethical Rules:

Please provide all discovery required pursuant to Rule 5-110 of the California State Bar Rules of Professional Conduct (as amended 11/2/17). Please note that the Rule states the prosecutor's duty of discovery is "not limited to evidence or information that is material as defined by Brady v. Maryland (1963), 373 U.S. 83 [83 S.Ct. 1194] and its progeny." State bar rules are binding on federal prosecutors. 28 U.S.C. 530B ("An attorney for the Government shall be subject to State laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state"); United States v. Lopez-Avila, 678 F.3d 955, 964 (9th Cir. 2012) ("Section 530B requires federal attorneys to behave within a state's rules for attorney conduct.").

* * *

Please let me know at your earliest convenience whether the Government will comply with, or object to, these discovery requests, or whether the Government will seek a continuance in order to comply with its discovery obligations. I appreciate your prompt provision of discovery so we may more quickly investigate this case and intelligently consider any plea offer you may make. If any part of this is unclear, please contact me so that we may discuss it.

Sincerely,

*/s/ Samuel Cross*

Samuel Cross
Deputy Federal Public Defender