CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Samuel Cross (Bar No. 304718)
(E-Mail:Sam_Cross@fd.org)
Iboh Umodu (Bar No. 367345)
(E-Mail: Iboh_Umodu@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ERIN PETRA ESCOBAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-656-AB-1 |
| Plaintiff, | |
| v. | **OPPOSITION TO GOVERNMENT'S "MOTION IN LIMINE TO PRECLUDE SELF-DEFENSE ARGUMENTS"** |
| ERIN PETRA ESCOBAR, | |
| Defendant. | |

Defendant Erin Petra Escobar, by and through her attorneys of record Deputy Federal Public Defenders Iboh Umodu and Samuel Cross, hereby file this opposition to the government's "Motion to Preclude Self-Defense Arguments."

This opposition is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

1

Counsel for defendant Gutierrez indicates that he joins in this Opposition to the Government's motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 17, 2026          By  /s/ Iboh Umodu

IBOH UMODU

SAMUEL CROSS
Deputy Federal Public Defenders
Attorneys for ERIN ESCOBAR

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

"The prima facie burden [to raise a theory of self-defense] is not a high one." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (finding that a defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."). Therefore, the government's motion to preclude the defense from arguing self-defense is premature. Likewise, their position on what the defense will be able to prove is irrelevant and reflects a disregard for the constitutional right possessed by criminal defendants to present a complete defense at trial.

More importantly, the defense is under no obligation to proffer its defense theory to the government in advance of trial. In numerous cases involving an assault stemming from immigration raids or related protest activity, the government has sought to exclude a theory of self-defense well in advance of trial. *See United States v. Ramos-Brito*, 2:25-CR-00501-SVW, ECF No. 84 (Sept. 9, 2025); *United States v. Alexandria Augustine*, 2:25-CR-00678-KS, ECF No. 37 (Oct. 1, 2025); *United States v. Isaias Lopez*, 2:25-CR-00705-MEMF, ECF No. 30 (Oct. 27, 2025); *United States v. Katherine Carreno*, 2:25-CR-00772-MWF, ECF No. 34 (Oct. 28, 2025). Across the board, courts in this District have declined to do so. *See Augustine*, 2:25-CR-00678-KS, ECF No. 55, at p. 3 (Oct. 6, 2025) (denying government pre-trial motion to exclude self-defense); *Lopez*, 2:25-CR-00705-MEMF, ECF No. 71, at pp. 5–6 (Nov. 6, 2025) (same); *Carreno*, 2:25-CR-00772-MWF, ECF No. 43 (Nov. 3, 2025) (same); *Ramos-Brito*, 2:25-CR-00501-SVW, ECF No. 108 (Sept. 15, 2025). The Court should therefore deny the government's motion, allow Ms. Escobar to present such a defense if the evidence supports her choice to do so, and permit the jury to resolve this factually laden dispute.

//

//

3

## II.   THE LEGAL STANDARD FOR A SELF-DEFENSE INSTRUCTION IS PARTICULARLY UNDEMANDING

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)). "The legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility. A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)). "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof. If the parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) (internal quotation marks omitted); *United States v. Butler*, 2025 WL 621892, at *9 (N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the prima facie case [for self-defense], the evidence is 'construed in the light most favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023))). Thus, when a court considers the sufficiency of a self-defense defense, it "must accept [the defendant's] proffer as true in its entirety." *Kuok*, 671 F.3d at 947.

"It is a defense to the charge [under 18 U.S.C. § 111] if (1) the defendant did not know that [the federal officer] was a federal [officers or employees] . . . , (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than

4

appeared reasonably necessary in the circumstances." 9th Cir. Model Jury Instruction 8.3. Alternatively, "[f]or purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of excessive force by a federal law enforcement officer."). "In order to make a prima-facie case of self defense, a defendant must make an offer of proof as to two elements: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006).

The defendant does not need to demonstrate that the force was excessive as a matter of law. Unlike in the civil context, whether the force was unlawful is judged from the perspective of the defendant, ***not*** from the perspective of an officer. *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of force from a reasonable officer's perspective, rather than from Celentano's perspective.")

In short, the burden that must be met to receive a self-defense instruction at the close of evidence is a minimal one. The task for a criminal defendant is not to prove self-defense as a matter of law. *See Perez-Rodriguez*, 13 F.4th at 19 ("If the parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory."; *Kuok*, 671 F.3d at 947 ("[A court] must accept [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9 (holding a defendant met her low burden to establish a prima facie case for self-defense and

5

explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed in the light most favorable' to the defendant" (quoting *Ehmer*, 87 F.4th at 1130))).

Indeed, the defendant has a right for the jury to be instructed on any and all non-frivolous defenses. *See, e.g.*, *Houston*, 648 F.3d at 816. Accordingly, a *prima facie* case simply means a basis on which a jury could "rationally" sustain the defense. *See id.* Nothing more is required.

### III.    ARGUMENT

#### A. A Criminal Defendant Standing Trial Has a Constitutional Right to Present a Complete Defense

As the Supreme Court has repeatedly recognized, a person charged with a crime has the right, through the Sixth and Fourteenth Amendments, to a fair opportunity to put forth a full and complete defense. While a defendant has no obligation to present a defense, where there is evidence of factual innocence, our adversarial system of criminal justice requires that the defense be afforded every reasonable opportunity to adduce her own facts and to present them to the jury. The prosecution controls the nature and timing of the charge, and the jury hears the prosecution's evidence first. As a practical matter, a defense presentation is often necessary for there to be any reasonable prospect of persuading a jury to return a verdict of not guilty. Where a defendant claims innocence, a jury, having heard the prosecution's case, will naturally expect a defendant to present evidence supporting that claim of innocence. To the extent that a defendant does not or cannot fully and completely present her case, the jury is likely to regard the prosecution's facts as unrebutted.

The Supreme Court has acknowledged these realities repeatedly. For example, in *Old Chief v. United States*, 519 U.S. 172, 188 (1997), the Court stated that "a juror's obligation to sit in judgment" involves "the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be." The Court further emphasized that in evaluating the evidence that a party proffers in presenting a case, a trial judge must recognize a "party's need for evidentiary richness and narrative

integrity," because "if [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party." *Id*. Although *Old Chief* involved evidence that the prosecution sought to introduce in a criminal trial, it is equally applicable to the defense, because only by allowing a defendant to put forth a full and complete defense and completely and fully tell her story, can "jurors' expectations be satisfied" to avoid a jury unjustly "penalizing" a defendant by "drawing negative inferences" against that defendant because of a lack of narrative integrity. *Id*.

### B. The Government's Motion is Premature and Improper Because a Criminal Defendant is Not Required to Make an Offer of Proof to the Prosecution

It is axiomatic that a "criminal defendant has a constitutional right to have the jury instructed according to his theory of the case, provided that the requested instruction is 'supported by law and has some foundation in the evidence.'" *United States v. Johnson*, 459 F.3d 990, 992 (9th Cir. 2006) (citation omitted). A defendant is entitled to a jury instruction on a legally cognizable defense where "there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews*, 458 U.S. at 63. The government's analysis of the evidence they believe will be admitted at trial has no bearing on the defense Ms. Escobar presents based on the evidence that does come in at trial. Should evidence supporting a legally cognizable defense emerge at Ms. Escobar's trial, the Court is required to give a corresponding jury instruction.

The government's motion prematurely requests that the Court ignore this responsibility before it has even heard evidence in this case. Ms. Escobar has given no indication what, if any, affirmative defense she will invoke at trial. Plainly, her arguments will relate only to the burden of proof regarding the elements of the offense and any valid affirmative defenses. She has a constitutional right to present evidence that is favorable to her and for the jury to receive corresponding instructions. The government's motion is impermissibly prophylactic and seeks to deprive Ms. Escobar

7

of a fundamental constitutional right before the Court and jury have heard any evidence in this case.

Additionally, Ms. Escobar is not required to make any offers of proof to the government. *See Biggs*, 441 F.3d at 1071; *see also United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003) ("On appeal, as in the district court, the government has the right to argue for exclusion of the entrapment defense but, as in the district court, the only evidence it will ordinarily be able to refer to is evidence that it may have filed in support of its own motion to exclude and whatever other unsealed evidence may already be before the court."). In fact, Rule 12 of the Federal Rules of Criminal Procedure sets forth no requirement that a pretrial offer of proof or other type of notice be provided to the government where a criminal defendant intends to invoke self-defense at trial. Indeed, other than those few defenses that are required to be noticed under the Federal Rules of Criminal Procedure (which self-defense is not), Ms. Escobar is not required to reveal any aspect of her defense to the government, and courts have long considered offers of proof made *in camera*. *See, e.g., Gurolla*, 333 F.3d at 953 (reviewing offer of proof on entrapment defense); *United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral and written offers of proof made *in camera* below). [1]

The Court should not entertain the government's blatant efforts to gain an upper hand by requiring the disclosure of information regarding the defense trial strategy and facts that might support the defense theory.

---

[1] Should the Court deem it necessary, the defense will submit an in camera offer of proof regarding any affirmative defenses on which it might rely.

8

**C. The Government's Motion Is Predicated on Its Analysis of the Events from that Day**

The government essentially argues that its slanted perception of the events should control what the defense is allowed to present. However, that view lies contrary to Ms. Escobar's right to present her defense. The government's analysis also ignores the aggressive and outsized response by the Federal Protective Service officers' on the day of the alleged assault. Per the government's own evidence, the officers' actions were hostile, combative, and disproportionate. *See* ECF No. 47, Exh. 1.

Federal Protective Service officers believed Ms. Escobar was writing on bollards and electrical boxes at an entrance to federal property. *Id*. In response, at least five armed officers—with a dozen following—approached the tent where protestors gathered, all to arrest one woman for a suspected misdemeanor offense. *Id*. Upon arriving, officers snatched at people indiscriminately, roughly pushing and pulling on their arms and bodies, at times yanking them down to the ground. *Id*. In the midst of this, they chased Ms. Escobar down the sidewalk before dragging her into the street and knocking her to the ground, leaving her bruised and scraped. *Id*. After that, officers lifted her by the arms, dragged her to jail, and cursed at her. *Id*. Ms. Escobar spent 4 days in the men's section of the jail after her arrest, a harrowing time as a trans woman in federal custody.[2] This small preview of the evidence shows that Ms. Escobar would be able to meet the exceedingly low bar to receive a self-defense instruction.

Additionally, the government's demand for an offer of proof to counter their theory of the case runs contrary to Ms. Escobar's right to both present a complete defense and to prepare her defense without divulging it or its details to the government well before trial. *See, e.g.*, Gov't Mot. Lim. 3, ECF No. 45 ("Neither defendant has

---

[2] *See generally* Mattathias Schwartz, Amy Harmon, Shaila Dewan, and Glenn Thrush, Prison Officials Detail Treatment of Trans Inmates Under Trump Gender Order, N.Y. TIMES (Feb. 21, 2025), https://www.nytimes.com/2025/02/21/us/trump-trans-women-prison.html.

proffered such proof with respect to any of the charged counts, and the facts do not support it.").

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny the government's motion and refuse at this early juncture to exclude a theory of self-defense at trial. The Court should, as is correct and also the uniform practice in this District, reserve ruling on any affirmative defense instructions until after all evidence has been received. Should the Court require an offer of proof, it should order that any such offer be made *in camera*, to preserve Ms. Escobar's right to present a complete defense without requiring her to divulge that defense or its details to the government pre-trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 17, 2026          By  */s/ Iboh Umodu*

IBOH UMODU

SAMUEL CROSS
Deputy Federal Public Defenders
Attorneys for ERIN PETRA ESCOBAR

10