TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
WILLIAM KANELLIS (Cal. Bar No. Pending)
LLOYD MASSON (Cal. Bar No. 270182)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6772
    Facsimile: (213) 894-0141
    E-mail: Lloyd.Masson@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>ERIN PETRA ESCOBAR, and NICK ELIAS GUTIERREZ,<br><br>     Defendants. | No. 2:25-cr-00656-AB<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys William Kanellis and Lloyd Masson, hereby files its Response to Defendant's First Motion in Limine.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: 3/19/2026                    Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General
                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    ALEXANDER B. SCHWAB
                                    Assistant United States
                                    Attorney
                                    Acting Chief, Criminal Division


                                         /s/
                                    Lloyd K. Masson
                                    Assistant United States
                                    Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The government currently does not intend on presenting evidence relating to any alleged prior instances of defendant Escobar defacing federal property, for the purpose of demonstrating her propensity for certain conduct.  See Fed. R. Evid. 404.  To date, the only discovery the government is aware of that indicates prior acts of vandalism of Federal Property by defendant Escobar are the same statements that defense references in their motion found in FPS Inspector Mutuc's report.

However, if the defendant chooses to testify, and she were to deny that she has ever vandalized federal property near the Roybal center, the Government would then seek to impeach her veracity by using the assertions by Inspector Mutuc, pursuant to Federal Rule of Evidence 608(b).

Separately, the government is providing notice to the defense that they do seek to potentially use recently discovered 404(b) type evidence for motive and identity purposes *if* the defendant denies that she was the individual seen in video marking federal property.

**II.   IMPEACHMENT EVIDENCE UNDER 608(b) DOES NOT REQUIRE THE NOTICE EVIDENCE CODE 404(b) REQUIRES**

The government does not seek to introduce any 404(b) type evidence related to the issues that defense raises in their motion in limine - that Defendant Escobar was seen marking federal property previously.  The government does, however, seek to utilize the fact that defendant was seen

previously marking federal property to impeach her character for truthfulness, if she were to testify and deny ever marking or tagging federal property.  Defense does not contend that the use of such evidence for impeachment under 608(b) requires notice, but the government publishes this intent here due to it being the same root evidence used for a different purpose.

Impeachment about particular instances that are probative of a witness's character for untruthfulness is covered by Rule 608(b). United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013).  The type of impeachment evidence contemplated here is not subject to Rule 404(b)(3)'s notice requirement.  United States v. Lague, 971 F.3d 1032, 1038 (9th Cir. 2020); United States v. Bagley, 772 F.2d 482, 487 (9th Cir. 1985).  Again, this is not an issue that the defense raises in their motion, but the government addresses it here to both simultaneously answer that they are not in disagreement over the prohibited 404(b) use of Inspector Mutuc's statements, while also alerting defense that they do intend on using it to potentially impeach defendant Escobar if it became relevant.  The use of Mutuc's statement – i.e., that other FPS Inspectors had seen defendant Escobar previously tagging federal property – is however a valid avenue of cross examination if the defendant were to testify and deny ever tagging federal property.  Rule 608(b) "authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the

2

character for untruthfulness of the witness—subject, of course, to the balancing analysis of Rule 403." United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013). If the defendant were to deny ever tagging property, confronting her with allegations that other FPS Inspectors had seen her do just such a thing before would be probative of her truthfulness. As such, this would be valid line of cross examination, should the need arise.

### III. IMPEACHMENT EVIDENCE UNDER 608(b) DOES NOT REQUIRE THE RULE 404 REQUIRES

Although the government does not seek to introduce Rule 404(b) evidence based on the material the defense identifies in their first motion in limine, the government does seek to introduce recently discovered 404(b) evidence about defendant Escobar if the defense's main theory of their case is revealed to rely on a lack of identity.

Recently the government has learned that defendant Escobar has been making false and threatening statements to a local small business owner (victim). In 2025, Escobar had been protesting against the current administration's immigration policies at a Silverlake farmer's market, and according to the owner of a stand within that market, caused him to lose customers. After the victim made a remark that Escobar interpreted as supportive of the current administration's policies, she posted several inflammatory, reckless, and/or false statements about the victim on Instagram, including calling him a racist. She also called the managers of the farmer's market to try to

3

get his booth removed, repeating false or inflammatory accusations against him.  After the victim attempted to diffuse the situation by apologizing (for something he said did not happen), Escobar escalated the confrontation by demanding on Instagram that the victim pay money to her charity, and later that he pay $5,000 to a charity that supported certain immigration policies.

The victim reported the threats, false allegations, and conduct to the Los Angeles Police Department.  He informed the government that Escobar has continued to make threats against him and his business, including threats that could be interpreted as threats of violence, most recently two weeks before the date of this filing.  Escobar's tirades, and attempts to extort money from the victim based upon the threat that she would spread false or reckless allegations against him, are specific acts reflecting her truthfulness (or lack thereof).  Further, these actions in zealous opposition of the current administration policies would also be probative of her identity or her use of threats of violence, both of which would bear upon a claim by Escobar that her assault of an FPS inspector (spitting in his face) was an act of self defense.  For these reasons then- motive and identity- the government may seek to use this newly discovered evidence for 404(b) purposes, should the need arise.  The use of 404(b)-type evidence would be limited to a a scenario where defense denies that the identity of the individual alleged to be the defendant in the video is their client.  The usage of the evidence for this limited

4

purpose would not run afoul of the guidelines established in cases that have analyzed 404(b) type evidence. <u>United States v. Bailey</u>, 696 F.3d 794 (9th Cir. 2012).

The Ninth Circuit uses a four-part test to gatekeep the admissibility of evidence pursuant to Fed. R. Evid. 404(b). The evidence may be admitted if:

(1) the evidence tends to prove a material point;

(2) the other act is not too remote in time;

(3) the evidence is sufficient to support a finding that the defendant committed the  other act; and

(4) (in certain cases) the act is similar to the offense charged.  *Id.*

The government has the burden of proving that the evidence satisfies all of these requirements. If the evidence passes this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Fed. R. Evid. 403. *Id.*

Here, the evidence proves a material facts of identity and motive, because if the defendant is making such charged statements to and about a small business owner in public, they clearly would have the motivations requisite to be the individual that is tagging federal property in the video. The acts are also fresh and are apparently ongoing. Escobar's inflammatory, violence-tinged obloquies against perceived supporters of ICE is also probative of the fact that she is the same person who wrote "Fuck ICE" and "KYS" (an acronym for "kill yourself") on Federal property.

For these reasons the government believes this evidence should be admissible for 404(b) purposes should the defense rely on an identity-based defense.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court allow the government to impeach the witness under Rule 608(b) with the material contained in Mutuc's report, and to also allow the government to use the recently acquired evidence regarding threats towards a small business owner for 404(b) purposes *if* the defense seeks to use an identity type defense in trial.


Dated: 3/18/2026                    Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General
                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    ALEXANDER B. SCHWAB
                                    Assistant United States
                                    Attorney
                                    Acting Chief, Criminal Division


                                    _____/s/_____
                                    Lloyd K. Masson
                                    Assistant United States
                                    Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

6