CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SAMUEL CROSS (Bar No. 304718)
(E-Mail: sam_cross@fd.org)
IBOH UMODU (Bar No. 367345)
(E-Mail: iboh_umodu@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ERIN PETRA ESCOBAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00656-AB |
| Plaintiff, | **PROPOSED JOINT STATEMENT OF THE CASE** |
| v. | |
| ERIN PETRA ESCOBAR and NICK ELIAS GUTIERREZ, | |
| Defendants. | |

Defendant Erin Petra Escobar, by and through her counsel of record, Deputy Federal Public Defenders Samuel Cross and Iboh Umodu and Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys William Kanellis and Lloyd Masson, hereby submit their Proposed Joint Statement of the Case.

//

//

//

//

The parties respectfully reserve the right to modify this statement as needed.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 23, 2026          By   */s/ Iboh Umodu*

SAMUEL CROSS
IBOH UMODU
Deputy Federal Public Defenders

Attorneys for ERIN PETRA ESCOBAR

BILAL A. ESSAYLI
United States Attorney

DATED:  March 23, 2026          By   */s/*

WILLIAM KANELLIS
LLOYD MASSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED:  March 23, 2026          By   */s/ Carlos Iriarte*

CARLOS IRIARTE

Attorney for NICK ELIAS GUTIERREZ

2

## STATEMENT OF THE CASE

The United States charges defendants Nick Elias Gutierrez and Erin Petra Escobar with assaulting a federal employee, in violation of 18 U.S.C. § 111(a)(1). Specifically, the government alleges that on July 17, 2025, in Los Angeles, CA, Mr. Gutierrez physically assaulted a federal employee and that Ms. Escobar made physical contact with a federal employee by spitting on him.

The United States also charges Mr. Gutierrez with assaulting a federal employee, causing bodily injury, in violation of 18 U.S.C. § 111(a)(1) & (b).  Specifically, the United States alleges that Mr. Gutierrez kicked a federal employee, causing him to injure his finger.

The United States also charges defendant Escobar with ~~misdemeanor~~ depredation of federal property in violation of 18 U.S.C. § 1361. Specifically, the government alleges that on July 17, 2025, Ms. Escobar willfully injured or committed a depredation against  parking gates and barriers on federal property by writing on them.

Defendants deny the charges and have entered a plea of not guilty.

The government believes the struck-through word, misdemeanor, should be offered; Ms. Escobar believes it should not.

The government's position is stated as follows:

"The United States includes 'misdemeanor' in the phrase, 'The United States also charges defendant Escobar with depredation of federal property in violation of 18 U.S.C. § 1361,' for accuracy and completeness, as that is precisely the charge against Ms. Escobar."

Ms. Escobar's position is that "misdemeanor" specifies the kind of punishment available for this offense (a year or less), and that since, as the parties agree, the jury has no part in punishment, they should not be informed what the punishment is—the only information conveyed by the word "misdemeanor," which is not an element of the offense. It is of no moment that the Indictment specifies a misdemeanor; were the Indictment to specify the felony counts were felonies, that fact would be no more appropriate for the jury to know. (In fact, of course, specifying "misdemeanor" as to one count does imply the others are felonies.)