CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SAMUEL CROSS (Bar No. 304718)
(E-Mail: sam_cross@fd.org)
IBOH UMODU (Bar No. 367345)
(E-Mail: iboh_umodu@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ERIN PETRA ESCOBAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00656-AB |
| Plaintiff, | |
| v. | **DEFENDANT ESCOBAR'S PROPOSED JURY INSTRUCTIONS** |
| ERIN PETRA ESCOBAR and NICK ELIAS GUTIERREZ, | |
| Defendants. | |

Except as specified below, Ms. Escobar agrees with the government's proposed jury instructions. Below follows a list of the government's proposed jury instructions with which Ms. Escobar disagrees, and, as to each, whether Ms. Escobar proposes a different instruction, or that the instruction should not be given at all. Ms. Escobar's proposed alternate instructions follow the list, with justifications. In addition, Ms. Escobar proposes two additional instructions not offered by the government. Those are also listed below as "Defendant's Proposed Jury Instruction" 1 and 2.

Of general note: as evident in the parties' motions in limine, the defendants disagree with the government about whether a self defense instruction should be offered. Ms. Escobar proposes a self-defense instruction incorporated into the elements of assault, with self-defense more extensively defined in a following instruction. This approach is modeled on a recent set of instructions offered in United States v. Lopez, 2:25-cr-00705-MEMF (C.D. Cal.).


Government's Proposed Instructions:

**19** - Other Crimes, Wrongs or Acts of Defendant:          OMIT

**35** - Assault defined:                                    MODIFY

**36** - Assault - Elements (Counts I & II):                 MODIFY

**38** - Depredation - Elements:                             MODIFY

**39** - Definition of Depredation:                          MODIFY


Additional Defense Proposed Instructions:

**1** - Performance of Official Duties Defined

**2** - Self-defense defined

2

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

[if applicable]

You have heard evidence that a defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

As explained in Ms. Escobar's First Motion in Limine, ECF No. 47, and Ex Parte Application for Leave to File Reply, ECF No. 53, no 404(b) evidence has been properly noticed or should be admitted against either defendant.

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

It is unlawful under section 111 of Title 18 of the United States Code for someone to: forcibly assault, resist, oppose, impede, ~~intimidate,~~ or interfere with an officer or employee of the United States, while that officer or employee of the United States is engaged in, or on account of, the performance of official duties.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a Federal officer or employee.

~~Spitting on a Federal officer or employee while in performance of his or her duties constitutes a violation of this statute~~.

OR

Spitting on a Federal officer or employee while in performance of his or her duties constitutes a violation of this statute.  Spitting on a Federal officer or employee while in performance of his or her duties constitutes a violation of this statute if and only if the spit makes physical contact with that officer or employee.

First, "intimidate" should be omitted because, although the Indictment charges assaulting, resisting, opposing, impeding, and interfering as to all assault counts, it charges intimidation as to none of them, and, as with the attempt theory discussed above, must be omitted for that reason.  See United States v. Pazsint, 703 F.2d 420, 422–24 (9th Cir. 1983) (reversible error to instruct only on 111 assault where indictment alleged only the other prongs of 111—impede, intimidate, etc., but not

4

assault).  The fact that the Indictment cites 111 does not sweep in "all the unlawful acts listed in that statute" if those acts are "uncharged."  Id. at 423; see also id. at 424 (even setting the constructive-amendment issue aside, this was plain and reversible instructional error).

Second, the factual specification that spitting on a Federal officer per se constitutes assault as an "intentional strike" invades the province of the jury and misstates the law.  The last sentence should accordingly be omitted.  The first case the government cites in support, United States v. Dominguez-Maroyoqui, 748 F.3d 918, 921 (9th Cir. 2014), merely stands for the proposition that assaultive physical contact under 111 does not require proof that the "offense involved violent force capable of causing physical pain or injury."  And the other case the government cites, Stoddard, 407 F. App'x 231, 234 (9th Cir. 2011) (unpublished), does not stand for the proposition that intentional spitting is per se assaulting conduct either; rather, the reference to 111 in this unpublished case is brief dictum.

Alternatively, since the government relies on Stoddard for the proposition that spitting "involves the type of non-injurious physical contact contemplated by § 111(a)'s felony provision" (emphasis added), if the Court instructs offers the disputed sentence at the end of the instruction, Ms. Escobar is entitled to the logical corollary in an additional sentence:  that since "forcible assault" by spitting is "non-injurious," per Stoddard, physical contact is required to accomplish such assault.

As this proposed Instruction correctly explains, based on the Ninth Circuit pattern definition of "forcible assault," such assault requires either:  1) an "intentional strike,"; 2) a willful attempt to "inflict injury,"; or 3) intentional threat plus the apparent ability to "inflict injury."  See Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.).  Spitting is "non-injurious physical contact."  Stoddard, 407 F. App'x at 234. Therefore, when a person is charged with assault by spitting, their behavior constitutes a violation of the statute if and only if the spit makes physical contact with the alleged victim under the first prong.  Id.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

Counts One and Two of the Indictment charge ERIN ESCOBAR and NICK GUTIERREZ, respectively, with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code.

For the defendants to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

<u>Count One:</u>

First, defendant ERIN ESCOBAR intentionally forcibly assaulted a federal employee with the initials C.C.; and,

Second, defendant ERIN ESCOBAR did so while C.C. was engaged in his official duties; and,

Third, defendant ERIN ESCOBAR made actual physical contact with C.C; and,

Fourth, the defendant did not act in reasonable self-defense.

<u>Count Two:</u>

First, defendant NICK GUTIERREZ forcibly assaulted a federal employee with the initials B.M.; and,

Second, defendant NICK GUTIERREZ did so while B.M. was engaged in his official duties.

<u>First</u>, the <u>mens rea</u> requirement accurately reflected in the definitional instruction, 35, above, must also be accurately reflected in elemental instruction here. <u>Mens rea</u> is an element of the charged offense.

<u>Second</u>, as explained above with respect to Instruction 35, the government's charged theory of "forcible assault" as to Ms. Escobar requires physical

6

contact.  So too, actual physical contact is charged in the indictment and a necessary element of felony assault.  See Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) ("A felony charge requires actual physical contact or action with the intent to commit another felony.").

Third, because the government is obligated to prove beyond a reasonable doubt that self-defense does not apply, along with the other elements of the offense, it is appropriate to offer the self-defense element along with the other elements of assault. This is the same straightforward approach Judge Frimpong recently adopted in  United States v. Lopez.  Final Instruction No. 11, United States v. Lopez, No. 2:25-cr-705-MEMF (C.D. Cal. Jan. 26, 2026), ECF No. 130, at 13; see 1 Modern Federal Jury Instructions – Criminal ¶ 14-2.

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

Count Four of the Indictment charges defendant ERIN ESCOBAR with ~~misdemeanor~~ depredation of Federal property, in violation of section 1361 of Title 18 of the United States Code.

For defendant ERIN ESCOBAR to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

~~First, defendant ERIN ESCOBAR acted willfully, and~~

~~Second, defendant ERIN ESCOBAR injured or committed any depredation against a property of the United States.~~

First, defendant ERIN ESCOBAR willfully injured or committed a depredation, and

Second, that depredation was against property, and

Third, that property belonged to the United States.

Injury to property means harming or impairing the usefulness or value of the property.

First, the word "misdemeanor" should not appear in the instruction. The government seeks to include the word "misdemeanor" to signify to the jury that this is a "lesser" offense and thus subject to "lesser" penalties. However, the question of punishment is never to be considered by the jury. The government offers, and the defense supports, Proposed Instruction No. 44, which states: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." The government should not be permitted to

8

circumvent this instruction by inserting a word, "misdemeanor," that is related to the potential punishment for this crime.

Second, The government's proposed elements derive from United States v. Robertson, 875 F.3d 1281 (9th Cir. 2017).  But Robertson mentions Section 1361 only in passing in an introductory sentence.  Robertson, 875 F.3d 1281 (9th Cir. 2017).  In addition, Robertson was vacated and is no longer good law.  See 139 S. Ct. 1543 (2019) (vacating and remanding for mootness analysis after defendant's death).  Ms. Escobar's proposed version comes from United States v. Seaman, 18 F.3d 649, 650 (9th Cir. 1994), which remains good law.

Third, because case law makes clear that actual injury is required, Ms. Escobar is entitled to a brief definition of "injury" (depredation is defined in the government's separately proposed Instruction 38) that states this.  See United States v. Melaku, 41 F.4th 386, 393–94 (4th Cir. 2022); Brunette v. United States, 378 F.2d 18, 18 (9th Cir. 1967).

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

Depredation means an act of plundering, robbing, pillaging or laying waste.

~~Depredation of Federal property may include marking or spray painting graffiti on a government building.~~

The government is not entitled to a question-begging sentence that purports leadingly to identify various ways the statute may be violated.

First, while the government will argue that Ms. Escobar "marked" government property with a pen, there will be no evidence suggesting she "spray painted graffiti on a government building."

Second, the proposed sentence invades the province of the jury by incorrectly stating that "marking" government property constitutes a per se violation of the statute by having the Court apply the law to the facts rather than the jurors.

10

COURT'S INSTRUCTION NO. _____

DEFENSE PROPOSED INSTRUCTION NO. 1

The test for determining whether an officer is engaged in the performance of official duties is whether the officer is acting within the scope of what he is employed to do, as distinguished from a personal frolic of his own.

Evidence that an officer may not have followed certain rules of his employment does not by itself establish that his actions were a personal frolic.

It is not considered a performance of official duties if: (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.

This proposed instruction defines the term "official duties," referred to in the second element of Instruction Number 36. The proposed language is taken directly from Judge Frimpong's recent instruction on the same topic in Lopez. Final Instruction No. 13, United States v. Lopez, No. 2:25-cr-705-MEMF (C.D. Cal. Jan. 26, 2026), ECF No. 130, at 15; see Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.); United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009); see also United States v. Span, 970 F.2d 573, 580-81 (9th Cir. 1992) (bad faith conduct takes an officer outside his official duties); Adams v. Kraft, 828 F. Supp. 2d 1090, 1109 (N.D. Cal. 2011) (punishing protected speech is bad faith conduct); Sanderlin v. Dwyer, 116 F.4th 905, 911 (9th Cir. 2024) (retaliation against protected speech violates clearly established law); Winterrowd v. Nelson, 480 F.3d 1181, 1185 (9th Cir. 2007) (same).

11

COURT'S INSTRUCTION NO. _____

DEFENSE PROPOSED INSTRUCTION NO. 2

The defendant asserts that she acted in self-defense. It is a defense to the charge if (1) the defendant actually and reasonably believed that C.C. was using, or about to use, unlawful force; (2) the defendant reasonably believed that use of force was necessary to defend herself against an immediate use of unlawful force by C.C.; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt that (1) the defendant did not actually and reasonably believe that C.C. was using, or about to use, unlawful force; or (2) the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force; or (3) the defendant used more force than appeared reasonably necessary in the circumstances.

Force is unlawful when (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.

You must evaluate the reasonableness of the defendant's belief based upon both what the defendant knew and what the defendant reasonably could have determined from the surrounding circumstances.

This proposed instruction defines self-defense, referred to in Ms. Escobar's proposed modification to Instruction 36.  The proposed instruction is, again, taken

12

directly from Judge Frimpong's recent instruction on the same topic in <u>Lopez</u>. Final Instruction No. 14, <u>United States v. Lopez</u>, No. 2:25-cr-705-MEMF (C.D. Cal. Jan. 26, 2026), ECF No. 130, at 16. <u>See</u> Ninth Circuit Model Criminal Jury Instructions, No. 5.10 (2022 ed.); Model Penal Code § 3.11 (force unlawful if it constitutes "an offense or actionable tort or would constitute such offense or tort except for a defense"); <u>Sanderlin</u>, 116 F.4th at 911 (retaliation against protected speech violates clearly established law); <u>Winterrowd</u>, 480 F.3d at 1185 (same).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 23, 2026          By  */s/ Samuel Cross*

SAMUEL CROSS
IBOH UMODU
Deputy Federal Public Defenders
Attorney for ERIN PETRA ESCOBAR

13