TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
WILLIAM KANELLIS (Cal. Bar No. Pending)
LLOYD MASSON (Cal Bar No. 270182)
Assistant United States Attorneys
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 453-8455/(213) 894-6947
      Facsimile:  (213) 894-0141
      E-mail:     William.Kanellis@usdoj.gov
                  Lloyd.Masson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.   2:25-CR-00656-AB |
|---|---|
| Plaintiff, | |
| v. | DISPUTED JURY INSTRUCTIONS |
| ERIN PETRA ESCOBAR and NICK ELIAS GUTIERREZ, | Date:       March 30, 2026 Time:       8:30 a.m. Location:  Courtroom of |
| Defendants. | the Hon. Andre Birotte |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Lloyd Masson and William Kanellis, hereby submit its objections to defendant's two proposed instructions.

The parties have met and conferred regarding their proposed jury instructions in an effort to narrow the issues.

Dated: March 25, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Deputy Attorney General
                                         BILAL A. ESSAYLI
                                         First Assistant United States
                                         Attorney

                                         ALEXANDER B. SCHWAB
                                         Assistant United States
                                         Attorney
                                         Acting Chief, Criminal
                                         Division


                                         /s/ *William Kanellis*
                                         William Kanellis
                                         Lloyd Masson
                                         Assistant United States
                                         Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

2

COURT'S INSTRUCTION NO. _____

*DEFENDANTS" PROPOSED INSTRUCTION NO. 1*

*The test for determining whether an officer is engaged in the performance of official duties is whether the officer is acting within the scope of what he is employed to do, as distinguished from a personal frolic of his own.*

*Evidence that an officer may not have followed certain rules of his employment does not by itself establish that his actions were a personal frolic.*

*It is not considered a performance of official duties if: (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.*

*This proposed instruction defines the term "official duties," referred to in the second element of Instruction Number 36.*

Government's Objection:  The United States objects to all of the proposed instruction after the first sentence because it violates controlling Ninth Circuit precedent:  For purposes of 18 U.S.C. § 111, "[t]he test of a Government agent's conduct is whether he is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own." United States v. Juv. Female, 566 F.3d 943, 949–50 (9th Cir. 2009) (quoting United States v. Lopez, 710 F.2d 1071, 1074 (5th Cir.1983)).

Defendants' attempt to cudgel a "use of force" standard into the question of whether federal employees are engaged in official duties is contrary to Ninth Circuit precedent, is confusing, unnecessarily complicates a simple question, and would have the Court create new law by introducing a legal standard that Congress plainly did not intend when enacting section 111.

"In enacting § 111, Congress intended to "accord[ ] maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts." Degroot v. United States, 2017 WL 3877738, at *4 (S.D. Cal. Sept. 5, 2017) (quoting United States v. Feola, 420 U.S. 671, 685 (1975)). To that end, the Ninth Circuit has expressly stated that with respect to the question of what constitute official duties, "the question was not "whether the officer is abiding by laws and regulations in effect at the time of the incident" or "whether the officer is performing a function covered by his job description." United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018). Defendants seek to introduce a new standard into the jury instruction – *i.e.*, an additional legal inquiry regarding the propriety of use of force – to inject confusion into the simple question of whether uniformed FPS inspectors assigned to protect Roybal Federal Building were engaged in their official duties. Plainly, these FPS employees were "acting within the scope of what [they were] employed to do[.]" Juv. Female, 566 F.3d at 949–50 (9th Cir. 2009). Defendants' proposal does violence to the Ninth Circuit's clear definition.

4

COURT'S INSTRUCTION NO. _____

DEFENDANTS' PROPOSED INSTRUCTION NO. 2

*The defendant asserts that she acted in self-defense. It is a defense to the charge if (1) the defendant actually and reasonably believed that C.C. was using, or about to use, unlawful force; (2) the defendant reasonably believed that use of force was necessary to defend herself against an immediate use of unlawful force by C.C.; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.*

*In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt that (1) the defendant did not actually and reasonably believe that C.C. was using, or about to use, unlawful force; or (2) the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force; or (3) the defendant used more force than appeared reasonably necessary in the circumstances.*

*Force is unlawful when (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.*

*You must evaluate the reasonableness of the defendant's belief based upon both what the defendant knew and what the defendant reasonably could have determined from the surrounding circumstances.*

Government's Objection:  The United States objects to this instruction for reasons set forth in its motion *in limine*. Defendants have not established a *prima facie* case to warrant such an instruction – defendants ESCOBAR and GUTIERREZ were plainly the aggressors in these assaults of federal employees.

Even if a self-defense instruction were warranted, defendants' proposal bears no resemblance to the instruction offered by the Ninth Circuit in its model instruction 5.10.  If the Court were to conclude that a self-defense instruction were justified, the Government respectfully submits that it adopt the Ninth Circuit's model instruction.