Carlos N. Iriarte (State Bar No. 187327)
Law Office of Carlos N. Iriarte
714 W. Olympic Boulevard, Suite 718
Los Angeles, California 90015
(213) 746-6644
(213) 746-4435 Facsimile
carlosn.iriarte@gmail.com

Attorney for Defendant
NICK ELIAS GUTIERREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 25-CR-00656-AB-2 |
| Plaintiff, | |
| v. | DEFENDANT GUTIERREZ'S NOTICE OF *BRADY* VIOLATION & REQUEST FOR PRODUCTION OF *BRADY* DISCOVERY; EXHIBIT A |
| ERIN PETRA ESCOBAR & NICK ELIAS GUTIERREZ, | |
| Defendants. | |

TO THE HONORABLE ANDRE BIROTTE JR. & UNITED STATES ATTORNEY'S OFFICE FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant NICK E. GUTIERREZ ("Gutierrez") provides notice of a violation of *Brady v. Maryland*, 373 U. S. 83 (1963), violation and request for production of these exculpatory documents.

DATED: March 27, 2026        Respectfully submitted,

*Carlos N. Iriarte*
Carlos N. Iriarte
Attorney for Defendant
NICK E. GUTIERREZ

3

<u>MEMORANDUM OF POINTS & AUTHORITIES</u>

In June 2025, the then-acting Department of Homeland Security general counsel ("DHS") Joseph Mazzara indicated that its agents, which include Federal Protective Services of Homeland Security ("FPS"), should just start hitting protesters. Attached as Exhibit A is the Los Angeles Times article dated March 27, 2026. To be specific, Mazzara stated to his fellow homeland security attorneys that **"They should have, when they brought the line in, just started hitting the rioters and arresting everyone that couldn't get away from them. No one likes being hit by a stick, and people tend to run when that starts happening in earnest."** [Exhibit A, page 3.]

This case involves FPS and the time period for the allegations in this case is July 17, 2025, which is at best one month after General Counsel for DHS Mazzara made this departmental decision. And Gutierrez has consistently maintained his innocence because the aggressors were the agents of FPS, as directed by DHS, which is consistent with Mazzara's decision to FPS agents.

In all criminal proceedings and at the first court date pursuant to Federal of Criminal Procedure 5(f) judges "shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland 373 U. S. 83 (1963)

and its progeny, and the possible consequences of violating such order under applicable law." And this disclosure was done in this case.

This *Brady* disclosure rests on the Due Process guarantees of the Fifth and Fourteenth Amendments. *Id.* at 87. The purpose of Brady is to ensure that a "miscarriage of justice" does not result from the suppression of evidence favorable to the accused. *U. S. v. Bagley*, 473 U. S. 667 (1985). The Supreme Court has continued to clarify the analysis for determining whether evidence is "material" for *Brady* purposes, and in *Kyles v. Whitley*, 514 U. S. 419 (1995), the Supreme Court held:

> [A] showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal. . . . *Bagley's* [supra] touchstone of materiality is a "reasonable probability" of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the [suppressed] evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

Therefore, any documents relating to this policy and/or recommendation to DHS agents, which includes FPS agents, from the then acting DHS general counsel, is unequivocally exculpatory, and the Government's failure to produce said documents is a clear violation of *Brady* and its progeny. Accordingly, Defendant Gutierrez respectfully asks

your Honor to issue an Order for the production of all relevant documents to this DHS policy.

DATED: March 27, 2026          Respectfully submitted,

*Carlos N. Iriarte*
_____
Carlos N. Iriarte
Attorney for Defendant
NICK E. GUTIERREZ

3